IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| VIRGIL LEON BROWN & BRIDGETTE BROWN, | |
| Plaintiffs, | |
| v. | 2:25-CV-132-Z-BR |
| U.S. BANK NATIONAL ASS'N & PHH MORTGAGE CORP., | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants' Motion to Dismiss ("Motion"), filed June 19, 2025. ECF No. 7. Plaintiffs did not respond to Defendants' Motion.[1] Having reviewed the Motion, briefing, and relevant law, the Motion is **GRANTED**.

### BACKGROUND

Plaintiffs Virgil Leon Brown and Bridgette Brown obtained a Texas Home Equity Loan in August of 2008. ECF No. 1-3 at 3. PHH Mortgage Corporation ("PHH") serviced the loan, and U.S. Bank National Association ("U.S. Bank") acted as the mortgagee/lender. ECF No. 7 at 1. Plaintiffs' mortgage loan is secured by a deed of trust on the property, found at 2707 Magnolia Street, Amarillo, Texas 79107 (the "Property"). *Id.*

Around ten years after Plaintiffs obtained the loan, they filed for Chapter 13 bankruptcy. ECF No. 1-3 at 3. Over a period of five years, Plaintiffs paid "over $20,400.00 to [PHH] through the bankruptcy plan." *Id.* Following discharge of the bankruptcy, PHH "claimed that a balance of approximately $25,000 remained and increased the monthly

---

[1] Plaintiffs filed a Proposed Order on June 27, 2025, denying Defendant's Motion. ECF No. 9. Because this Proposed Order contains no argument from Plaintiffs, the Court does not construe it as a response.

payment to $600.00." *Id.* Plaintiffs filed a subsequent bankruptcy in 2023, attempting to protect their Property from a new foreclosure initiated by PHH and U.S. Bank. *Id.*

The instant case concerns PHH and U.S. Bank's right to foreclose on Plaintiffs' Property, subject to the mortgage lien. Plaintiffs contend in their Original Petition, filed in state court, that PHH and U.S. Bank have refused to provide (1) a "breakdown of loan balances post-bankruptcy," (2) a "denial or acknowledgement" of Plaintiffs' loan-modification application, and (3) a "notice of default or notice of acceleration as required by Texas Property Code § 51.002." *Id.* at 3–4. Plaintiffs also alleged that PHH and U.S. Bank have "refused to acknowledge or process a valid application for mortgage assistance," "failed to offer relief under the CARES Act" during the COVID-19 pandemic, and "are attempting to evict Plaintiffs based on a foreclosure that was initiated and executed in violation of Texas law." *Id.* at 4. PHH and U.S. Bank disagree, stating that Plaintiffs "remain in possession of [their home] without ever curing the prior default and without making the current monthly payments as they become due." ECF No. 7 at 2.

Plaintiffs, proceeding *pro se*, filed their Original Petition in the 251st Judicial District Court of Potter County, Texas, on May 28, 2025. ECF No. 1-3 at 2. There, the court granted Plaintiffs' request for a Temporary Restraining Order and set a hearing on Plaintiffs' Application for Temporary Injunction on June 13, 2025. ECF No. 1-8 at 2–3. Defendants timely removed the instant case on the basis of diversity jurisdiction and pursuant to 28 U.S.C. Section 1446 on June 12, 2025. ECF No. 1 at 2, 3–5.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Courts should "construe facts in the light most favorable to the nonmoving

party"—here, Plaintiffs—"as a motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

A court liberally construes a *pro se* party's filings and holds them "to less stringent standards than formal pleadings drafted by lawyers." *United States v. Davis*, 629 F. App'x 613, 618 (5th Cir. 2015) (per curiam) (quoting *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam)). Nevertheless, a *pro se* plaintiff is still claiming the benefit of the courts and must adhere to its procedures and abide the substantive law. *See Thorn v. McGary*, 684 F. App'x 430, 433 (5th Cir. 2017) (per curiam) (a *pro se* plaintiff is not "exempt . . . from compliance with the relevant rules of procedural and substantive law" (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981))). A court will squint at *pro se* filings to discern what may be there—but it will not see things that are not there. *See Smith*, 735 F. App'x at 851 ("[T]here are limits on how far we will go to assist *pro se* plaintiffs."). "[E]ven a *pro se* litigant has the right to plead himself out of court . . . ." *Estrada v. Dominguez*, No. 200-CV-064, 2001 WL 506982, at *2 (N.D. Tex. May 14, 2001).

**ANALYSIS**

Plaintiffs assert the following claims: (1) wrongful foreclosure; (2) failure to provide required notices under Texas Property Code Section 51.002; (3) violations of the Real Estate Settlement Procedures Act ("RESPA") and the Coronavirus Aid, Relief, and Economic Security ("CARES") Act; (4) misapplication of bankruptcy payments; and (5) denial of due process. ECF No. 1-3 at 4. Plaintiffs also request "the Court issue a Temporary Restraining Order and, after notice and a hearing, a Permanent Injunction enjoining Defendants and their agents from proceeding with eviction or transfer of title, interfering with Plaintiffs' possession of their homestead, and taking any further actions to foreclose to assert possession

without providing proper notice and due process." *Id.* at 5. The Court addresses each claim and request in turn.

### I. Wrongful Foreclosure and Texas Property Code Claims

Plaintiffs contend that PHH and U.S. Bank "are attempting to evict [them] based on a foreclosure that was initiated and executed in violation of Texas law, including the failure to serve required notices." ECF No. 1-3 at 4. However, Plaintiffs have failed to allege that a foreclosure sale actually occurred[2]—thus, Plaintiffs cannot state a claim for wrongful foreclosure. *See, e.g., James v. Wells Fargo Bank, N.A.*, 533 F. App'x 444, 446–47 (5th Cir. 2013) (quoting *Motten v. Chase Home Fin.*, 831 F. Supp. 2d 988, 1007–08 (S.D. Tex. 2011)) ("[B]ecause recovery is premised upon one's lack of possession of real property, individuals never losing possession of the property cannot recover on a theory of wrongful foreclosure. As such, courts in Texas do not recognize an action for attempted wrongful foreclosure."); *Taylor v. Chase Home Fin. N.A.*, No. 3:13-CV-4793, 2014 WL 1494061, at *3 (N.D. Tex. Apr. 15, 2014).

Plaintiffs' contention that PHH and U.S. Bank's attempted foreclosure and eviction contravenes the notice requirements of Texas Property Code Section 51.002 also fails. Section 51.002 contains two notice provisions: (1) 51.02(b) requires notice of a foreclosure sale be given at least twenty-one days before the sale; and (2) 51.002(d) requires the debtor be informed that he is in default and given at least twenty days to cure the default prior to the twenty-one-day notice being issued. TEX. PROP. CODE § 51.002(b), (d); *Kew v. Bank of Am., N.A.*, No. CIV.A. H-11-2824, 2012 WL 1414978, at *6 (S.D. Tex. Apr. 23, 2012). And because this section "outlines the procedures for conducting a foreclosure sale, claims for violating its notice requirements are cognizable only *after* a foreclosure." *Kew*, at *6 (emphasis

---

[2] Plaintiffs' Original Petition lists their current residence as the Property's address: 2707 Magnolia Street, Amarillo, Texas 79107. ECF No. 1-3 at 2.

added); *Caballero v. Wells Fargo Bank, N.A.*, No. 3:11-CV-1385, 2011 WL 6039953, at *1 n.2 (N.D. Tex. July 25, 2011) ("To the extent plaintiff contends that defendant violated sections 51.002 and 51.0025(2) of the Texas Property Code by failing to issue proper notices in connection with the scheduled foreclosure sale of his property, those provisions apply only to the sale of real property pursuant to a power of sale. Where, as here, no foreclosure sale has taken place, a plaintiff may not recover under those statutory provisions."); *Mahmood v. Bank of Am., N.A.*, No. 3:11-CV-3054, 2012 WL 527902, at *4 (N.D. Tex. Jan. 18, 2012). As previously discussed, Plaintiffs have failed to allege that a foreclosure sale actually occurred. Accordingly, Plaintiffs' claims regarding wrongful foreclosure and violations of the Texas Property Code must be dismissed.

## II. RESPA and CARES Act Claims

Next, Plaintiffs contend that PHH and U.S. Bank violated RESPA and CARES Act protections, specifically alleging that PHH "failed to offer relief under the CARES Act (H.R. 748) during the COVID-19 pandemic, despite multiple hardship assistance requests." ECF No. 1-3 at 4.

Plaintiffs' RESPA claim fails for three reasons. First, Plaintiffs fail to adequately plead any claim to relief under RESPA. Even viewing the Original Petition with leniency due to Plaintiffs' *pro se* status, Plaintiffs' pleadings are insufficient. Plaintiffs do not identify any specific provisions of RESPA that PHH and U.S. Bank allegedly violate—only a general reference to RESPA can be found. *See* ECF No. 1-3 at 4 (mentioning only a "[v]iolation of RESPA . . . protections"). Indeed, Plaintiffs present the exact allegations that Rule 12(b)(6) intends to deter: allegations that are vague, conclusory, and fail to provide more than "labels and conclusions." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

Second, Plaintiffs do not adequately allege damages under RESPA. To be sure, "a plaintiff must plausibly allege actual damages as a result of the defendant's alleged

5

violations" to state a claim for relief under RESPA. *Anderson v. PHH Mortg. Servs. Corp.*, No. 3:23-CV-2574, 2024 WL 3503272, at *4 (N.D. Tex. June 18, 2024); *Obazee v. The Bank of N.Y. Mellon*, No. 3:15-CV-1082, 2015 WL 4602971, at *4 (N.D. Tex. July 31, 2015). And simply having to file suit does not suffice as a harm warranting actual damages under RESPA. *Obazee*, 2015 WL 4602971, at *4. Plaintiffs have not alleged any such damages—as previously discussed, Plaintiffs only alleged a "[v]iolation of RESPA . . . protections." ECF No. 13-4 at 4.

Third, Plaintiffs' RESPA claim as it relates to U.S. Bank cannot stand, as the plain text of RESPA applies only to mortgage loan servicers—not lenders like U.S. Bank. *Christiana Tr. v. Riddle*, 911 F.3d 799, 804 (5th Cir. 2018) ("By its plain terms, [RESPA] imposes duties only on servicers."); *Henderson v. Wells Fargo Bank, N.A.*, 974 F. Supp. 2d 993, 1017 (N.D. Tex. 2013) (emphasis added) (stating that "RESPA applies to loan *servicing* duties"). Because U.S. Bank is not Plaintiff's loan servicer, the RESPA claim against U.S. Bank is contrary to plain text and cannot remain. For the three reasons stated, Plaintiffs' RESPA claim must be dismissed.

Plaintiffs' CARES Act claim fares no differently. Just like their RESPA claim, Plaintiffs' CARES Act claim falls short of the requirements set forth in *Twombly* and *Iqbal*. Plaintiffs' Original Petition only states that PHH and U.S. Bank "[v]iolat[ed] . . . CARES Act protections." ECF No. 1-3 at 4. As before, this allegation is vague, conclusory, and fails to provide more than "labels and conclusions." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. But even if the Court construed Plaintiffs' claim to be sufficient, it still must fail—the CARES Act does not create a private right of action. *See, e.g., Pena v. PHH Mortg. Corp.*, No. 3:20-CV-2830, 2022 WL 398399, at *3 (N.D. Tex. Jan. 24, 2022) (noting that "the CARES Act provides no private right of action"); *Daniel T.A. Cotts PLLC v. Am. Bank, N.A.*, No. 2:20-CV-

185, 2021 WL 2196636, at *5 (S.D. Tex. Feb. 9, 2021) ("[T]his Court joins the numerous district courts across the country who hold that the CARES Act provides no private right of action."); *Am. Video Duplicating, Inc. v. City Nat'l Bank*, No. 2:20-CV-4036, 2020 WL 6882735, at *5 (C.D. Cal. Nov. 20, 2020) ("Unsurprisingly, every court to address whether the CARES Act created an implied private right of action has held that it does not."). Accordingly, Plaintiffs' CARES Act claim must be dismissed.

### III. Bankruptcy and Due Process Claims

Plaintiffs assert claims for "[m]isapplication of bankruptcy payments" and "[d]enial of due process." ECF No. 1-3 at 4. But these two sentences comprise the totality of Plaintiffs' allegations, again running afoul of the mandates of *Twombly* and *Iqbal*. Plaintiffs fail to articulate any specific facts regarding *how* PHH and U.S. Bank specifically misapplied bankruptcy payments or denied Plaintiffs due process. And while *pro se* complaints receive a liberal interpretation, such threadbare allegations will not do. *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) ("[T]he court does not 'presume true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" (quoting *Harmon v. City of Arlington*, 16 F.4th 1159, 1162–63 (5th Cir. 2021))).

### IV. Injunctive Relief

Finally, Plaintiffs' Original Petition requested that "the [state court] issue a Temporary Restraining Order and, after notice and hearing, a Permanent Injunction enjoining Defendants and their agents from proceeding with eviction or transfer of title; interfering with Plaintiffs' possession of their homestead; [and] taking any further actions to foreclose or assert possession without providing proper notice and due process." ECF No. 1-3 at 5. The state court granted Plaintiffs' request for a Temporary Restraining Order and set a

hearing on Plaintiffs' Application for Temporary Injunction on June 13, 2025—but the case was timely removed to this court on June 12, 2025.

Federal Rule of Civil Procedure 65(b) permits a court to extend a temporary restraining order once for a total of fourteen days if the Court finds good cause for an extension. But generally, an *ex parte* temporary restraining order issued by a state court prior to removal "remains in force after removal no longer than it would have remained in effect under state law, but in no event longer than the Rule 65(b) limitations, measured from the date of removal." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439–40 (1974). As the state court's Temporary Restraining Order was issued on May 29, 2025, it is no longer in effect. Plaintiffs have not requested the Court extend or issue a new temporary restraining order; to be sure, Plaintiffs have not established any substantial threat that they will suffer irreparable harm in the absence of this Court's action. Because a temporary restraining order is "simply a highly accelerated and temporary form of preliminary injunctive relief," and because a preliminary injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion," Plaintiffs are not presently entitled to injunctive relief. *See Mktg. Inv'rs Corp. v. New Millennium Bank*, No. 3:11-CV-1696, 2011 WL 3157214, at *1–2 (N.D. Tex. July 26, 2011).

CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 7) is **GRANTED**. Plaintiffs' CARES Act claim, and RESPA claim as applied to U.S. Bank, are both **DISMISSED with prejudice**. Plaintiffs' remaining claims—wrongful foreclosure, Texas Property Code, RESPA as applied to PHH, bankruptcy, and due process—are **DISMISSED without prejudice**. Plaintiffs are granted leave to amend the claims dismissed without prejudice and are given **14 days** to cure the aforementioned deficiencies.

**SO ORDERED**.

July **16**, 2025

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE